IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRETT MATHEW LATTIN, <br> Institutional ID No. 11493-091, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| V. | ) <br> ) | CIVIL ACTION NO. <br> 1:12-CV-057-C |
| FEDERAL BUREAU OF PRISONS, <br> *et al.*, | ) <br> ) <br> ) | ECF |
| Defendants. | ) <br> ) | |

**ORDER**

Plaintiff, proceeding *pro se*, filed a civil rights case pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Texas, Midland - Odessa Division. On April 9, 2012, the complaint was transferred to this Court. Now before the Court are the following:

(1)   Plaintiff's Motion for Relief from Any Further Abuse or Punishment filed April 3, 2012;

(2)   Plaintiff's Motion requesting to be taken out of BOP Custody, and sent to home confinement or a CCC (halfway house), or released to FBI Custody, and request for appointment of counsel filed April 5, 2012;

(3)   Plaintiff's Motion requesting to be sent out of FCI Big Spring filed on April 11, 2012;

(4)   Plaintiff's Motion to be released to home confinement, or be placed in FBI custody, and request for appointment of counsel filed April 11, 2012; and

(5) Plaintiff's Motion requesting to be removed from FCI Big Spring, and placed in a halfway house or sent to home confinement, or sent home on probation or placed in FBI or U.S. Marshal custody until the end of his sentence or the duration of this case filed April 13, 2012.

At the outset, the Court notes that the above motions are repetitive and may be construed as frivolous and abusive. Plaintiff is specifically admonished that frivolous filings by prisoners consume inordinate amounts of scarce judicial resources and may result in the delay of the courts' hearing valid complaints. *See Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir. 1994). **Plaintiff IS CAUTIONED that if he continues to file frivolous motions in this case, sanctions will be imposed against him.**

To the extent Plaintiff seeks to have counsel appointed to assist him in his case, "[a] civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994). Although 28 U.S.C. § 1915(e)(1) provides that a court may request an attorney to represent any person claiming an *in forma pauperis* status, the courts are not empowered to make compulsory appointments in civil actions. *Mallard v. U. S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 196, 301-302 (1989).

In making a determination as to whether to appoint counsel in a § 1983 case, the Court may base its decision on several factors, including:

    1. the type and complexity of the case;

    2. the petitioner's ability adequately to present and investigate his case;

    3. the presence of evidence which largely consists of conflicting testimony so as to require skill in

        presentation of evidence and in cross-examination; and

4.     the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293, n. 14 (5th Cir. 1992)(quoting *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991))).

The Court notes that Plaintiff has not shown any inability to set forth his claims for relief or shown that extraordinary circumstances are involved which would justify the appointment of counsel at this stage of the case. For the reasons set forth herein, the motions of Plaintiff for appointment of counsel are **DENIED** without prejudice to Plaintiff's right to request appointment of counsel should circumstances change.

To the extent that Plaintiff seeks injunctive relief in the form of a transfer out of BOP custody, such motions should also be **DENIED** in all things.

To secure an injunction order, Plaintiff must demonstrate (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that the failure to grant an injunctive order will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunctive order might cause the defendant; and (4) that the order will not be adverse to the public interest. *Women's Med Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001); *Dallas Cowboys Cheerleaders v. Scoreboard Posters, Inc.*, 600 F.2d 1184, 1187 (5th Cir. 1979). A failure to prove any of the four elements will result in the denial of injunctive relief. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

In the prison context, a request for injunctive relief must be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Moreover, when a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Principles of equity militate heavily against granting injunctive relief except in the most extraordinary circumstances. *Id.*

In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Plaintiff's civil rights complaint is pending judicial screening pursuant to 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. 1997e. The Court finds that Plaintiff has not demonstrated that there is a substantial likelihood of success on the merits of his case or shown that there is a substantial threat that he will suffer irreparable injury if the preliminary injunction is not issued. Therefore, Plaintiff's requests for an injunction ordering that he be transferred from the BOP into the custody of the FBI or U.S. Marshal; or that he be placed in home confinement or a halfway house until the end of his sentence or for the duration of this civil action should be DENIED.

**SO ORDERED.**

Dated April 18, 2012.

SAM R. CUMMINGS
United States District Judge