CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 OCT 25  PM 3: 34

DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRETT MATTHEW LATTIN, <br> Institutional ID No. 11493-041, <br><br> Plaintiff, <br><br> v. <br><br> Federal Bureau of Prisons, *et al*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br><br> CIVIL ACTION NO. <br> 1:12-CV-057-BL <br> ECF <br><br><br> Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Brett Matthew Lattin, proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983 on April 2, 2012 (Doc. 1). He alleges that his rights under the United States Constitution and under federal and state law were violated by staff members at the FCI Big Spring (Low) facility ("FCI Big Spring") of the Federal Bureau of Prisons ("BOP"). The Defendants in this case include the BOP and correctional officers FNU Walker and FNU Richter.

This matter was originally filed with the Western District of Texas, Midland Odessa Division (Doc. 1); it was transferred to the Northern District of Texas, Abilene Division, on April 9, 2012 (Docs. 6, 7). It was reassigned to the United States Magistrate Judge on May 24, 2012 (Doc. 27). The court entered an Order to Complete Questionnaire on July 13, 2012 (Doc. 30), pursuant to 28 U.S.C. § 1915 and *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of a plaintiff's complaint). Lattin has completed this questionnaire (Doc. 32).

Lattin has been transferred from the custody of FCI Big Spring to that of FCI Texarkana (Doc. 28). Citing "continued pain and suffering caused by unit team not releasing me to my Halfway House," Lattin has moved to amend damages in his complaint and to add as defendants the Warden of FCI Texarkana, and FCI Texarkana staff members Unit Team Leader Rosiek and Case Manager Jones (Doc. 34); Lattin's motion to amend will be addressed below.

Plaintiff refused consent (Doc. 31) to having the United States Magistrate Judge conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). Pursuant to 28 U.S.C. § 1915A, the court has conducted a review of Plaintiff's complaint as supplemented by his response (Doc. 32) to the questionnaire (Doc. 30) in this case, as well as Plaintiff's various additional written documents and makes the following report and recommendation to the United States District Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, as developed by his response to the court's questionnaire, Lattin claims that:

1. At all times relevant to the claims in his complaint, Lattin was confined to the FCI Big Spring (Low) facility in Big Spring, Texas.

2. On Tuesday, March 6, 2012, Lattin was transported from FCI Big Spring to a hospital in Big Spring, TX, for a CT scan of his back and tailbone. He was escorted by officers Walker and Richter.

3. While escorting Lattin, Walker and Richter made various remarks that Lattin interpreted as physical threats.

4. Also while escorting Plaintiff, Officer Walker taunted Lattin by taking unflattering photographs of Lattin with Walker's smart phone, and threatened to upload them to the Internet.

Lattin is seeking declaratory and injunctive relief and an award of damages.

## II.  ANALYSIS

In both proceedings *in forma pauperis* and civil actions brought by a prisoner against a governmental entity, officer, or employee, the court is required under 28 U.S.C. §§ 1915-1915A to dismiss the complaint or any portion of the complaint if the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.  These provisions thus apply to this *in forma pauperis* prisoner civil rights action.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  "An [*in forma pauperis*] complaint may be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) if it has no arguable basis in law or in fact."  *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998).  A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.  *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  The court is authorized *sua sponte* to test whether the proceeding is frivolous or malicious even before the service of process or before an answer is required to be filed.  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *see also* 42 U.S.C. § 1997e(c)(1).  A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions.  *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire to develop the factual basis of the plaintiff's complaint); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

The court has reviewed Lattin's arguments and claims in his complaint and testimony to determine whether his claims present grounds for dismissal or present cognizable claims which require the Defendants to answer and the case to proceed.

A. **Plaintiff's constitutional claims**

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

Lattin claims that defendants verbally threatened and taunted him. To the extent that Lattin is suing any defendant for threatening or taunting him, those claims are without merit. The "mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations" *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983), *cert. denied*, 464 U.S. 998, (quoting *Coyle v. Hughes*, 436 F.Supp. 591, 593 (D.C. Okl. 1977)). Verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993). Plaintiff's claims regarding the alleged verbal threats and taunting should be **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

B. **Plaintiff's Motion to Amend His Complaint**

Lattin asks to amend his complaint to add numerous Defendants, noting that he has not yet been released from FCI Texarkana to a halfway house (Doc. 34). His motion does not allege that he has filed any grievances with any of the Defendants he proposes to add.

Pursuant to Fed. R. Civ. P. 15(a) the court will grant leave to amend freely as justice requires. However, "it has long been recognized that certain factors weigh against granting leave. These factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Foman*

v. *Davis*, 371 U.S. 178, 182 (1962); *Moody v. FMC Corp.*, 995 F.2d 63, 66 (5th Cir. 1993). A district court acts within its discretion when denying a motion to amend that is frivolous or futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

Lattin's motion and allegations demonstrate that he did not properly exhaust his administrative remedies (such as by filing *timely* Step 1 and Step 2 grievances) *prior to* the date that he commenced his civil law suit – given that the complained of acts occurred subsequent to the filing of the complaint. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of [Title 42 of the United States Code], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). That provision plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending. *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (The PLRA requires a prisoner "to exhaust 'available' 'remedies,' whatever they may be"; the "failure to do so prevents him from pursuing a federal lawsuit at this time.").

Since the amendment of § 1997e, the court has taken a strict approach to the exhaustion requirement. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). Exhaustion is mandatory

"irrespective of the forms of relief sought and offered through administrative avenues." *Booth*, 532 U.S. at 741 n.6. A prisoner must "pursue the grievance to a conclusion." *Wright*, 260 F.3d at 358. "Quibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in *Booth*." *Id.* A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Furthermore, as the Supreme Court has recently held, the PLRA mandates that prisoners "properly" exhaust their claims by complying with the facility's administrative rules and procedures. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382, 2387, 165 L. Ed. 2d 368 (2006). If a prisoner fails to exhaust his administrative remedies prior to filing suit, the district court must dismiss the prisoner's civil rights claims. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 923 (2007) (noting that "no unexhausted claim may be considered"). The court is not required to determine whether a plaintiff has reasonably and in good faith pursued his administrative remedies. *Days*, 322 F.3d at 866 (citing *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998)). Although the Fifth Circuit has taken a "strict approach" to the exhaustion requirement, it "'may be subject to certain defenses such as waiver, estoppel, or equitable tolling.'" *Id.* (quoting *Wendell*, 162 F.3d at 890). However, Lattin raises no such defenses in his motion.

In *Woodford*, the Supreme Court explained, "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 126 S.Ct. at 2386. In *Days*, the Fifth Circuit defined available remedies as those "'immediately

utilizable' and 'that [are] accessible or may be obtained: personally obtainable.'" 322 F.3d at 867 (quoting Webster's New Int'l Dictionary, 150 (3rd ed. 1981)).

Lattin's motion and allegations demonstrate that permitting him to amend the complaint to include these claims that were unexhausted at the time he filed his complaint would be futile. Therefore, his motion to amend should be **DENIED**.

### III.   CONCLUSION

Having carefully considered Plaintiff's factual allegations, his testimony, and his claims, the court finds that Plaintiff has failed to state cognizable constitutional claims.

**IT IS, THEREFORE, RECOMMENDED** that the United States district judge deny Plaintiff's motion to amend his complaint, and dismiss this case with prejudice.

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Plaintiff at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

DATED this 25th day of October, 2012.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE